IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOHAMMED ABDELSALAM, | ) | 2:01-cv-1575-GEB-JFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINAL PRETRIAL ORDER |
| | ) | |
| UNITED INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant.[1] | ) | |

The final pretrial conference scheduled for August 21, 2006, is vacated since the parties' Joint Pretrial Statement ("JPS") indicates this Final Pretrial Order should issue.


I.   JURISDICTION AND VENUE

Jurisdiction is based on 28 U.S.C. § 1332.  Venue is undisputed.

II.   JURY/NON-JURY

All issues shall be tried to a jury.

_____

[1]   The caption has been amended to reflect the dismissals of Defendants Unum Life Insurance Company on January 24, 2003, and Unitrin, Inc. on February 23, 2006.

1

III.   <u>DISPUTED FACTUAL ISSUES</u>

1.   Whether plaintiff's employment with United terminated prior to his alleged onset of disability of April 23, 2000.

2.   Whether United intentionally communicated an incorrect date of plaintiff's termination of employment to Unum Life Insurance Company of America.

3.   Whether any communication by United to Unum Insurance Company of America relating to the termination date of plaintiff's employment was for the purpose of disrupting a contractual relationship between plaintiff and Unum.

4.   Whether Unum relied on information provided by United regarding the termination date of plaintiff's employment in making any decision with regard to provision of benefits under a long-term disability insurance policy.

5.   Whether United's communication of any information to Unum in relation to the termination date of plaintiff's employment was with knowledge of the existence of plaintiff's long-term disability insurance policy with Unum.

6.   Whether plaintiff and a third party (long term disability insurance carrier, "Unum") were in an economic relationship that probably would have resulted in an economic benefit to plaintiff.

7.   Whether defendant United knew of the relationship between plaintiff and the long term disability insurance carrier.

8.   Whether United intended to disrupt the relationship between plaintiff and his long term disability insurance carrier.

/////

9.   Whether United engaged in wrongful conduct through misrepresentation or fraud.

10.   Whether plaintiff Mohammed Abdelsalam was harmed, and

11.   Whether defendants' wrongful conduct was a substantial factor in causing plaintiff's harm.

12.   The nature and extent of harm to plaintiff as a result of United's alleged wrongful conduct.

13.   Whether any wrongful communication by United was made by an officer, director or managing agent for purposes of plaintiff's punitive damages claim.

14.   Whether United authorized or ratified the wrongful conduct of its employees for which the damages are awarded.

IV.   <u>RELIEF SOUGHT</u>

Plaintiff seeks general, special and punitive damages in connection with defendant's interference with prospective economic relations.

Defendant seeks dismissal of plaintiff's claims and judgment entered thereon.

V.   <u>POINTS OF LAW</u>

A.   The parties have identified the following points of law:

1.   The elements of a cognizable claim for intentional interference with prospective economic relations (CACI 2202.)

/////

2.   The applicable legal standard(s) regarding the cause of any damages and the nature and extent of any damages available to Plaintiff.

B.   Trial briefs shall be filed no later than <u>twenty (20) court days prior to the trial commencement date</u>.  A joint or partial joint trial brief is permitted.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority.  <u>See</u> Local Rule 16-285.  If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial.  **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."[2]  Local Rule 16-285(a)(3).**

## VI.   <u>WITNESSES</u>

A.  Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit A, attached hereto.

B.   Defendant expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit B, attached hereto.

C.   Each party may call a witness designated by the other.

/////

---

[2]   If an evidentiary issue is brief, an in limine motion need not be included in the trial brief.

D.  No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E.  If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

(3) If time permitted, counsel offered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.


VII.  <u>EXHIBITS</u>

A.  Plaintiff intends to offer in evidence the exhibits described in Exhibit C, attached hereto.

B.  Defendant intends to offer in evidence the exhibits described in Exhibit D, attached hereto.

1             C.  No other exhibits will be permitted to be introduced

2 unless:

3                   (1) The party seeking to use the unlisted exhibit

4 demonstrates that the exhibit is being used to rebut evidence which

5 could not reasonably have been anticipated at the pretrial

6 conference; or

7                   (2) The unlisted exhibit was discovered after the

8 pretrial conference and the offering party makes the showing

9 required in paragraph "D", below.

10           D.  Any party proposing to introduce an exhibit which was

11 discovered after the pretrial conference shall promptly notify the

12 Court and opposing counsel of the existence of such exhibit.  The

13 Court will not permit any such exhibit to be introduced unless it

14 finds:

15                   (1) That the exhibit could not reasonably have been

16 discovered prior to the pretrial conference;

17                   (2) The Court and counsel were promptly informed of

18 the exhibit's existence; and

19                   (3) That the offering party has delivered a copy of

20 the exhibit to opposing counsel, or, if the exhibit may not be

21 copied, that the offering counsel has made the exhibit reasonably

22 available for inspection by opposing counsel.

23           E.  Plaintiff's exhibits shall be numbered and marked

24 with colored stickers provided by the Court while Defendant's

25 exhibits shall be designated by alphabetical letter also marked

26 with colored stickers provided by the Court.  To obtain stickers,

27 parties should contact the Clerk of Court at (916) 930-4000.

28

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[3]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.


VIII. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall

---

[3]     The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

have been filed with the clerk, and counsel are cautioned that a
failure to discharge this duty may result in preclusion of the use
of the unfiled depositions or in the imposition of such other
sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial
commencement date, counsel for each party shall serve on the other
parties a statement designating all answers to interrogatories and
all portions of depositions (except for passages to be used solely
for refreshing recollection, impeachment or rebuttal).  No later
than ten (10) court days before the trial commencement date,
counter-designations of other portions of these discovery documents
may be served.  No later than five (5) court days before trial, the
parties shall file and serve any preserved evidentiary objections
to any designated discovery, or said objections are waived.


IX.   FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all
discovery and law and motion was to have been completed prior to
the date of the final pretrial conference.  That order is
confirmed.  The parties are, of course, free to conduct any
additional discovery they desire pursuant to informal agreement.
However, any such agreement will not be enforceable in this Court.


X.   AGREED STATEMENT

The parties shall submit a short, jointly-prepared
statement concerning the nature of this case that can be read to
the jury at the commencement of trial.  The statement shall be
provided to the Court no later than ten (10) court days before the

1  commencement of trial.  If the parties fail to do this, they may be
2  required to give their respective opening statements before voir
3  dire.  Separate statements shall be submitted if agreement is not
4  reached.

5

6                    XI.  SEPARATE TRIAL OF ISSUES

7            The trial will be conducted in two phases:  liability and
8  punitive damages.  If the jury finds punitive damages are
9  recoverable in the liability phase, trial on the amount of punitive
10  damages will immediately occur.  During the first phase of the
11  trial, the jury will be given a liability instruction on punitive
12  damages along with the other closing instructions and a verdict
13  form which will include the liability question on punitive damages.
14  If the answer is yes, then evidence pertinent to the amount of
15  punitive damages would be presented in the second phase of the
16  trial, following which the parties would present closing argument
17  on that issue and a jury instruction would be given.  The jury
18  would then deliberate on the issue and fill in a punitive damages
19  verdict form.

20

21      XII.  JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

22            A.   The parties are to prepare jury instructions, in the
23  manner specified in paragraph B below.  Counsel shall tailor all
24  general instructions to the facts and issues in suit.

25            B.   Counsel are directed to confer and to attempt to
26  agree upon a joint set of jury instructions and verdict forms.

27            C.   All instructions, both general and specific, shall
28  be submitted in the exact numerical order counsel desires them

given to the jury and shall be tailored to the facts and issues in suit.

The joint set of instructions and verdict forms shall be filed with the court clerk fifteen (15) court days prior to the date of the trial.  As to instructions on which there is dispute, the parties shall adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instruction(s), shall submit authority in support of the proposed instruction(s) and shall number the disputed instruction(s) in a manner that shows where each disputed instruction should be placed in the tendered agreed upon instructions.  The contested instruction(s) and supporting authority shall be filed with the joint set of instructions fifteen (15) court days prior to the date of the trial; 2) the party opposed to the contested instruction(s) shall file opposing authority ten (10) court days prior to the date of the trial.

D.   All instructions shall be, to the extent possible, concise, understandable, and neutral statements of law.  They shall be prepared in accordance with Local Rule 51-163.  Ninth Circuit Pattern Instructions are preferred.

E.   It is the parties' responsibility to ensure that jury instructions are submitted on all issues preserved for trial in accordance with the schedule set forth above.  Pursuant to Local Rule 51-163, instructions not presented in accordance with this Order will be refused unless it is shown either (1) that the necessity for the request arose in the course of trial; the instructions could not reasonably have been anticipated prior to trial from the Final Pretrial Order; and the request for such

1  additional instructions is presented to the Court as promptly as

2  possible; or (2) that the refusal to give such instructions would

3  constitute manifest injustice under Rule 16(e).

4        F.    Most of the examination of prospective jurors is

5  conducted by the Court.  The parties are directed to meet and

6  confer and attempt to agree upon a joint set of proposed voir dire

7  questions.  The joint set of voir dire questions shall be filed

8  with the Court fifteen (15) court days prior to the date of the

9  trial.  Parties may also submit proposed voir dire questions which

10  are disputed.  Disputed voir dire questions shall be filed with the

11  Court fifteen (15) court days prior to the date of the trial and

12  shall be accompanied by an explanation as to the need for the

13  question and supporting case authority when available.  The

14  opposing party shall respond with reasons for the opposition and

15  any supporting case authority no later than ten (10) court days

16  prior to the date of trial.  Each side is granted twenty (20)

17  minutes to conduct voir dire following the Court's examination of

18  prospective jurors.

19        At the time of electronically filing the jury

20  instructions and verdict forms, counsel shall also submit a copy of

21  the sanitized joint jury instructions, the sanitized disputed jury

22  instructions, and the joint verdict forms to the Court by email to

23  geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

24  /////

25  /////

26  /////

27  /////

28  /////

1 | XIII.   <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

2 |     Eight jurors will be impaneled.  The "struck jury" system

3 | will be used to select the jury.[4]  At the beginning of the voir

4 | dire process, approximately eighteen prospective jurors, randomly

5 | selected by the Jury Administrator, will be seated for voir dire.

6 | The order of the jurors' random selection is reflected by the order

7 | in which they will be seated.  The first randomly selected juror

8 | will be in jury seat number one, which is at the extreme right-hand

9 | side of the jury box in the top row as the jury box is viewed from

10 | the well of the courtroom.  The eighth juror will be in the eighth

11 | seat.  The ninth selected juror will occupy the seat located at the

12 | extreme right-hand side of the jury box in the bottom row.  The

13 | fifteenth seat will be in the left-hand side of that row.  Three

14 | chairs will be placed in front of the jury box.  The sixteenth

15 | juror will occupy the seat on the right and the eighteenth juror

16 | will occupy the seat on the left.  The first eight jurors on a

17 | list, which shall be given to counsel, will constitute the petit

18 | jury unless one or more of those eight is excused for some reason.

19 | Assuming that the first and fifth jurors on the list are excused,

20 | the second listed juror becomes the first, and the other jurors'

21 | numbers are changed accordingly, with the ninth juror on the list

22 |

23 | _____

24 |     [4]   As explained in <u>United States v. Blouin</u>, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to

25 | whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group

26 | consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of

27 | peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select

28 | group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will exercise its three allowed peremptory strikes.[5]  A copy of the "strike sheet" which will be used is attached to this Order. Generally, the potential jurors are given a break for the amount of time the parties estimate it will take them to exercise peremptory strikes.  Therefore, before the striking process begins, the parties are requested to provide an estimate of how long it will take to exercise their peremptory strikes so the potential jurors can be allowed to take a break for that amount of time.  Peremptory strikes will be exercised silently, by passing the strike sheet between the parties.  To use a strike, write the seat number of the juror above the line where the strike is required to be designated.[6]  A party who does not use a strike waives any further right to exercise that strike and is required to reflect this waiver by writing the word "pass" on the strike sheet where the strike was supposed to have been exercised.

/////

---

[5]     During the questioning, the attached Query Re Excuse Potential Jurors form could be given to the parties to determine if a particular juror should be excused.  The attached for cause form will also be used.

[6]     For example, assuming Plaintiff elects to strike the juror in seat number 6, that strike will be exercised and then the strike sheet is give to defense counsel.  Assuming defense counsel then strikes the juror in seat 4, the first line of the strike sheet will appear as follows:

Plaintiff    1__**6**__                    Defendant  1__**4**__

Defense counsel would then give the strike sheet back to Plaintiff so she could exercise her second strike.

XIV.   TRIAL DATE

Trial to a jury will commence on November 14, 2006.[7]  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  At the first phase of the trial, each side has fifteen (15) minutes within which to make an opening statement to the jury and sixty (60) minutes within which to make a closing argument.  If trial proceeds to the second phase, each side has fifteen (15) minutes within which to make a closing argument on the punitive damage issue.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

XV.   OBJECTIONS TO PRETRIAL ORDER

Each party is granted ten (10) days from the date of this Order to file an objection to same.  If no objection is filed, this Order will become final without further order of this Court.

IT IS SO ORDERED.

Dated:  August 17, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[7]  **The parties are required to meet and confer about the length of the trial and to file a document no later than 20 court days before trial in which the length of trial is estimated.**

STRIKE SHEET

Plaintiff    1_____          Defendant    1_____

             2_____                       2_____

             3_____                       3_____

## Query re Excuse Potential Juror

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

| | Plaintiff's Attorney | | Defendant's Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
| | Yes | No | Yes | No |

## Whether Jurors Present During Exercise of Peremptory Challenges

Can the jury be excused for the amount of time it will take to exercise peremptory challenges? (Set forth response in box below)

|  | Plaintiff's Attorney | | Defendant's Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

How long do you estimate it will take you to exercise peremptory challenges?  (Set forth minutes in box below)

|  | Plaintiff's Attorney | Defendant's Attorney |
|---|---|---|
| MINUTES: | ☐ | ☐ |

<u>FOR CAUSE DOCUMENT</u>
<u>Plaintiff's Counsel</u>

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


List seat numbers of other for cause challenges:  _____, _____,

_____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____.

***CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:***   ☐

Signed:_____

FOR CAUSE DOCUMENT
Defendant's Counsel

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


List seat numbers of other for cause challenges:   _____,  _____,

_____,  _____,  _____,  _____,  _____,  _____,  _____,  _____,  _____,  _____,  _____.

**CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:**   ☐

Signed:_____